UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80991-CIV-MARRA
(10-80052-CR-MARRA)

ANTWON DENARD BUSH,

    Movant/Defendant,
v.

UNITED STATES OF AMERICA,

    Respondent/Plaintiff.
_____/

## FINAL ORDER APPROVING REPORT AND RECOMMENDATION AND VACATING SENTENCE

This Cause is before the Court upon the Report of Magistrate Judge Patrick A. White ("Report and Recommendation"), recommending that Movant Antwon Denard Bush's unopposed motion to vacate sentence (DE 6) pursuant to 28 U.S.C. § 2255, be granted.[1] This matter was referred to Magistrate Judge Patrick A. White for consideration and for a Report and Recommendation pursuant to Administrative Order 2003-19.

Bush pled guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). At his sentencing hearing, the Court determined that Bush qualified as a career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and sentenced him to 180 months' imprisonment. Subsequently, in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the "residual clause" component

---

[1] Because the Government does not oppose the motion to vacate sentence (*see* DE 6-1 at 1 n.1), this Court finds that it is unnecessary to wait the fourteen days for objections from the Government and therefore proceeds to consider the Report and Recommendation at this time.

of the ACCA's definition of a "violent felony" is unconstitutionally vague.[2] Bush now moves to vacate his sentence under 28 U.S.C. § 2255, asserting that his prior conviction for burglary of an occupied dwelling no longer counts as an ACCA predicate offense because it cannot be a "violent felony" under the "residual clause," which is no longer constitutionally viable under *Johnson*, and it does not qualify as an ACCA predicate under the elements clause or the enumerated offenses clause of the ACCA's definition of "violent felony."  As such, Bush argues, he cannot be considered a career criminal under the ACCA and should be resentenced accordingly.

The Government concedes that Bush is entitled to resentencing. Specifically, Assistant U.S. Attorney John McMillan stated in an e-mail to defense counsel that "in view of the Supreme Court's decision in *Johnson*, and the circumstances present in this case, specifically the lack of any factual detail listed establishing the Burglary of a Dwelling identified in Paragraph 28 of the Presentence Investigation Report was not of a motor home or curtilage, that we acknowledge that such no longer qualifies as a violent felony since the demise of the residual clause, and thus cannot establish the requisite three (3) felonies for violent felonies or serious drug offenses, and concede that therefore defendant Bush is entitled to resentencing." (DE 6-1 at 1 n.1.)

In the Report and Recommendation, the Magistrate Judge reiterates that the Government concedes that it has not shown that Bush's prior conviction for Florida burglary of an occupied

---

[2] In May 2016, Mr. Bush filed an application in the Court of Appeals for the Eleventh Circuit for leave to file a second motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The Court of Appeals granted the application based upon the *Johnson* decision. *In re: Antwon Bush*, Case No. 16-12546-J (11th Cir. June 9, 2016) ("As to his prior conviction for burglary of an occupied dwelling, the Florida burglary statue is broader than generic burglary, as it includes burglary of conveyances. The record is not clear whether the district court relied on the enumerated offenses clause or the residual clause in determining that this prior conviction qualified as a violent felony. Consequently, whether that conviction still qualifies as a violation [sic] felony is questionable after *Johnson*." (citations omitted)).

dwelling qualifies as a "violent felony" under the ACCA and that the Government does not oppose Bush's request that the Court vacate his sentence. (DE 12, Report at 8.) As such, the Magistrate Judge recommends that this Court grant Bush's motion to vacate his sentence, order the "preparation of a new Presentence Investigation Report, and resentence the defendant pursuant to the statutory maximum sentence provided under Title 18, United States Code, Section 924(a)(2)." (*Id.*)

Having conducted a *de novo* review of the entire file and record herein, this Court agrees with the Magistrate Judge's Report and Recommendation and concludes that the Movant is entitled to resentencing in light of *Johnson*.[3] Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation (DE 12) is **ADOPTED AND APPROVED**.

2. The Motion to Vacate (DE 6) is **GRANTED**. The sentence entered following a guilty plea in Case No. 10-80052-CR-MARRA is **VACATED**.

3. The Court will hold a resentencing hearing to be set by separate order in Case No. 10-80052-CR-MARRA, and will order the preparation of a new Presentence Investigation Report in the criminal case.

4. The Clerk of the Court shall **CLOSE** this civil case and **DENY** any pending motions

---

[3] Because the Court concludes that resentencing is appropriate based upon *Johnson*, and the Government concedes that it has not shown that Bush's prior conviction for Florida burglary of an unoccupied dwelling qualifies as a violent felony under the ACCA, this Court need not address Movant's related argument that his prior conviction for burglary of an unoccupied structure does not qualify as a violent felony for purposes of the ACCA. (DE 6-1, Motion at 12.)

as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of June, 2016.

_____
KENNETH A. MARRA
United States District Judge